IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 309-004 |
| | ) | |
| ROBERT STEVENS | ) | |

## ORDER

Before the Court are the various pre-trial and discovery motions filed by Defendant Robert Stevens. The United States of America, by and through its attorney, Edmund A. Booth, Jr., United States Attorney, and Karl I. Knoche, Assistant United States Attorney, has filed a combined response to these motions.

### GENERAL DISCOVERY MOTION

As to Defendant's general discovery requests, the Court starts with the recognition that the United States Attorney in this District follows an "open file" discovery policy in criminal cases. In following this policy, the government has provided investigative reports, reports of laboratory analysis, and other documentary materials relevant to this case. The discovery provided includes 182 pages of Drug Enforcement Administration Reports and related documents (including criminal histories), as well as grand jury transcripts dated March 5, 2009, May 6, 2009, and June 2, 2009. (Doc. nos. 73, 99). Accordingly, the Court finds that the position of the United States Attorney in permitting full disclosure of the

government's file pertaining to this case renders Defendant's discovery requests **MOOT**. (Doc. nos. 104-1, 105).

However, to ensure that Defendant's requests are in fact covered by the government's disclosures, the Court hereby requires counsel for Defendant to submit not later than five (5) days from the date of this Order a written statement describing any existing disputes or unresolved items that have not been specifically addressed elsewhere in this Order. The statement should detail the specific items sought and should include a memorandum of law.

Defense counsel is reminded that dissemination of discovery material beyond that necessary to the preparation of the defense is prohibited by Loc. Crim. R. 16.1.

Any discovery material turned over to Defendant shall be maintained by Defendant and not further disseminated. <u>Failure to comply with the terms of this Order may result in contempt proceedings</u>. Further addressing Defendant's specific requests for disclosure:

1. **NOTICE OF EVIDENCE SUBJECT TO SUPPRESSION:**

The purpose of this request is to give Defendant advance notice of any arguably suppressible evidence which will be used at trial. In this case, the attorney for the government has granted liberal discovery, giving Defendant access to the government's investigative file. This discovery should eliminate the possibility of surprise at trial. Therefore, the request is **DENIED**.

2. **NOTICE OF OTHER CRIMES OR UNCHARGED MISCONDUCT:**

Defendant requests that the government give notice of its intention to use at trial evidence of "other crimes, wrongs or acts" under Fed. R. Evid. 404(b). The Local Rules provide:

> As soon as practicable after the defendant's arraignment, and in any event no more than twenty (20) days after the arraignment (unless the Court directs otherwise), the United States Attorney shall serve upon counsel for the defendant a written notice of any direct or circumstantial evidence of other crimes, wrongs, or acts of the defendant, or specific instances of conduct or criminal convictions of the defendant, which the Government intends to offer into evidence through either Fed. R. Evid. 404(b) or under the theory that the evidence is so inextricably intertwined with defendant's charged offense that it should be admissible.

Loc. Crim. R. 16.2; see also Loc. Crim. R. 12.3.

In its Arraignment Order dated July 10, 2009 (doc. no. 85), the Court directed that if the government intends to use 404(b) evidence, it must make the required disclosures in accordance with the Local Rules. Accordingly, this request for 404(b) disclosures, which the government has already been directed to make, is **MOOT**.

### 3. DEFENDANT'S STATEMENTS and CO-CONSPIRATORS' HEARSAY EXCEPTIONS :

In light of the government's liberal discovery policy, the request for Defendant's statements is **MOOT**.

Defendant also seeks an order compelling the government to disclose all co-conspirator statements. In support of his request, Defendant argues that the language of Fed. R. Crim. P. 16(a)(1)(A), which requires disclosure of statements "made by the defendant(s)," mandates disclosure of co-conspirator statements, since those statements are imputed to Defendant under Fed. R. Evid. 801(d)(2)(E). Unfortunately for Defendant, the Eleventh Circuit has ruled that these independent provisions cannot be read *in pari materia*. United States v. Orr, 825 F.2d 1537, 1541 (11th Cir. 1987) (*en banc*) (adopting the reasoning of United States v. Roberts, 811 F.2d 257, 258 (4th Cir. 1987) (*en banc*)). The policy

3

underlying nondisclosure of co-conspirator statements rests firmly on the belief that disclosure would unnecessarily promote both the intimidation of witnesses and attempts to suborn perjury. Roberts, 811 F.2d at 259 (citing United States v. Jackson, 757 F.2d 1486, 1493 (4th Cir. 1985) (Wilkinson, J, concurring)). The Jackson concurrence correctly noted that nothing in Fed. R. Crim. P. 16(a)(1)(A), can be read to require disclosure of co-conspirator statements and that decisions relied on by the defendant justifying discovery of such statements as "vicarious admissions" of defendants "make one person out of two and beg the question of undue pressure which may result." Jackson, 757 F.2d at 1493. Rule 16(a)(1)(A) requires the government to disclose "the substance of any relevant oral statement made by the defendant." Any discovery of co-conspirator statements must be pursuant to the provisions of the Jencks Act, 18 U.S.C. § 3500, or not at all. Roberts, 811 F.2d at 259. Therefore, Defendant's request for disclosure of co-conspirator statements is **DENIED**.

### 4. "CATCHALL" HEARSAY EXCEPTIONS:

The Court trusts that counsel for the government is thoroughly familiar with the notice requirements of Rule 807 and will provide such notice to Defendant.

### 5. DEFENDANT'S PRIOR RECORD:

The government has responded that criminal histories have been provided to Defendant in its discovery package. (Doc. no. 73). This request is therefore, **MOOT**.

### 6. DOCUMENTS AND TANGIBLE OBJECTS:

The government has indicated its willingness to comply with this request, and Defendant's request is therefore, **MOOT**.

7. **WITNESS NAMES AND ADDRESSES:**

Separate motions were filed seeking the same discovery; therefore, this request is addressed below.

8. **CRIMINAL RECORDS OF ALL WITNESSES:**

Defendant seeks disclosure of prior criminal conduct and uncharged bad acts of all witnesses. The Confrontation Clause guarantees a criminal defendant an opportunity to impeach through cross examination the testimony of witnesses for the prosecution. United States v. Yates, 438 F.3d 1307, 1318 (11th Cir. 2006) (*en banc*); United States v. Lyons, 403 F.3d 1248, 1255-56 (11th Cir. 2005); United States v. Novaton, 271 F.3d 968, 997 (11th Cir. 2001); United States v. Baptista-Rodriguez, 17 F.3d 1354, 1370 (11th Cir. 1994). This right is not, however, unlimited. While Fed. R. Evid. 608(b) allows cross examination of a witness as to specific instances of misconduct, the government does not have a duty to investigate each witness. This Rule must also be construed to limit cross examination to those acts of conduct "which are generally agreed to indicate a lack of truthfulness." 4-608 Weinstein's Federal Evidence § 608.22. The types of acts which satisfy this strict test are forgery, bribery, cheating, embezzlement, false pretenses, fraud and perjury. Id. Moreover, the government has stated its willingness to provide, as soon as practicable after they are received by the United States Attorney's office, rap sheets or criminal convictions of witnesses which the government learns about and which could properly be used for impeachment under Fed. R. Crim. P. 609. (Doc. no. 316, p. 2). Beyond the government's continuing duty to disclose under Brady v. Maryland, 373 U.S. 83 (1963), and the parameters discussed herein, Defendant's request is **DENIED**.

5

## 9. WRITTEN STATEMENTS OF PERSONS NOT CALLED AS WITNESSES:

Defendant argues that pursuant to Fed. R. Crim. P. 16 (a)(1)(C), he is entitled to disclosure of statements of witnesses the government does not intend to call as witnesses.[1] The Court disagrees. Rule 16(a)(1)(E) provides:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> (i) the item is material to preparing the defense;
> (ii) the government intends to use the item in its case-in-chief at trial; or
> (iii) the item was obtained from or belongs to the defendant.

Under this Rule, a defendant is entitled to discover certain materials if they are either (1) material to the preparation of the defense, or (2) intended by the government to be used as evidence, or (3) were obtained from the defendant. Fed. R. Crim. P. 16(a)(1)(E). However, this Rule is qualified and limited by Rule 16(a)(2), which provides:

> Except as Rule 16(a)(1) provides otherwise, this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.

It can be seen that Rule 16(a)(2) prevents the "discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500." Even if the statements satisfy one of the requirements of Rule 16(a)(1)(E), discovery by a defendant is

---

[1] It appears that Defendant may have actually intended to reference Rule 16(a)(1)(E). The rule cited, Rule 16(a)(1)(C), applies to an organizational defendant. There is no such defendant in this case.

6

still barred by Rule 16(a)(2) unless those witnesses will testify at trial. In that case, the statements would be discoverable pursuant to the Jencks Act. See generally United States v. Schier, 438 F.3d 1104, 1112 (11th Cir. 2006) (reviewing requirements for disclosure of statements of witnesses testifying at trial and explicitly noting that "Jencks Act does not apply to the statements of non-testifying witnesses"). The statements of persons the government does not intend to call as witnesses at trial amount, therefore, to nothing more than internal memoranda, discovery of which is not permitted pursuant to the explicit mandate of Rule 16(a)(2). If the statements are not otherwise discoverable pursuant to the rule in Brady v. Maryland, 373 U.S. 83 (1963) and its progeny and no showing of materiality is made, they are not discoverable at all.

10. **REPORTS AND CONCLUSIONS OF SCIENTIFIC TESTS OR ANALYSIS:**

Defendant requests the production of all written reports of any scientific analysis or chemical analysis conducted by the government. In light of the government's liberal discovery policy, this request is **MOOT**.

11. **EXEMPLARS OF TESTS, FINGERPRINT IMPRESSIONS:**

Defendant requests the production of any handwriting or voice exemplars, fingerprint impressions, or other materials obtained by whatever means or process which the government intends to offer into evidence. In light of the government's liberal discovery policy, this request is **MOOT**.

12. **TRANSCRIPT OF GRAND JURY TESTIMONY:**

Defendant seeks disclosure of grand jury proceedings, including a transcript thereof. "A defendant must show 'particularized need' to justify infringement of the secrecy

surrounding a grand jury. . . . Unsubstantiated allegations of grand jury manipulation do not satisfy the 'particularized need' standard." United States v. Cole, 755 F.2d 748, 758-59 (11th Cir. 1985); United States v. Tucker, 526 F.2d 279, 282 (5th Cir. 1976) (showing of need justifying disclosure of grand jury transcripts must include more than an unsubstantiated assertion of impropriety); see also United Kingdom v. United States, 238 F.3d 1312, 1321-22 (11th Cir. 2001) (recognizing that Eleventh Circuit precedent requires showing of "particularized need" to obtain disclosure of protected grand jury materials). Defendant has expressed a general desire to review those records but has not even attempted to show a need for them. Accordingly, the request for disclosure of grand jury proceedings is **DENIED**.[2]

13. **DEMAND FOR EXCULPATORY EVIDENCE:**

Separate motions were filed seeking the same discovery; therefore, this request is addressed below.

## MOTION FOR A BILL OF PARTICULARS

In this case, Defendant is charged with one count of Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846, and with one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A). Defendant filed this motion seeking from the government information concerning the exact time, date and place the alleged crimes as set forth in the indictment occurred; whether Defendant is charged as

---

[2]Despite the Court's denial of this request because of a lack of a particularized showing, it may well be that Defendant's request has been satisfied based on the government's disclosure that the grand jury transcripts from March 5, 2009, May 6, 2009, and June 2, 2009, have been provided to defense counsel. (Doc. nos. 73, 99).

8

an aider or abettor, or a principal, and if as an aider and abettor, how he aided and abetted the alleged offenses in the indictment; the exact manner that Defendant is alleged to have participated in the conspiracy charged; the places at which each overt act on which the prosecution intends to rely at trial were allegedly performed; each and every act Defendant is alleged to have personally performed; the identification of all of the persons present during each of the acts allegedly performed; the names of all witnesses who testified before the Grand Jury whether or not each witness testified from personal knowledge or through hearsay; whether or not the government obtained any information concerning the matters alleged in the indictment by means of electronic listening devices, wiretaps, telephonic tapes or other forms of electronic surveillance, and if so, the circumstances in each instance, giving the date, time, place and means used in obtaining such information; whether any leads or evidence procured by the government resulted from any search of any premises, personal property or vehicles owned by Defendant; whether or not the government performed or caused to be performed any scientific tests in connection with the matters in the indictment; the identity of "others" wherever set forth in the indictment; and, the identity of any unindicted co-conspirators or co-racketeers known to the government.

Rule 7(f) of the Federal Rules of Criminal Procedure provides that a defendant may seek from the Court a bill of particulars setting forth the time, place, manner, and means of commission of the crime alleged in the indictment. The purpose of the bill of particulars is to give notice of the offenses charged in the indictment so that a defendant may prepare a defense, avoid surprise, or raise pleas of double jeopardy when the indictment itself is too vague for such purposes. United States v. Anderson, 799 F.2d 1438, 1441 (11th Cir. 1986)

(quoting United States v. Cole, 755 F.2d 748, 760 (11th Cir. 1985)). Where necessary, the bill of particulars supplements the indictment by providing the accused with information necessary for trial preparation. Id. Generalized discovery is not a proper purpose in seeking a bill of particulars. United States v. Warren, 772 F.2d 827, 837 (11th Cir. 1985) (quoting United States v. Colson, 662 F.2d 1389, 1391 (11th Cir. 1981)). Nor is it a device intended to secure for the defense the government's explanation of its theory of the case. United States v. Hajecate, 683 F.2d 894, 898 (5th Cir. 1982). Absent a showing that a defendant cannot prepare a defense without the government providing the identity or identities of an unindicted co-conspirator(s), such information need not be revealed in response to a motion for a bill of particulars. Warren, 772 F.2d at 837.

The determination of whether a bill of particulars should be ordered may only be decided in light of the particular circumstances of each case. United States v. Davis, 582 F.2d 947, 951 (5th Cir. 1987). The question is committed to the sound discretion of the trial court whose decision will be reversed only where denial of the motion results in surprise to a defendant at trial resulting in prejudice to his substantial rights. United States v. Hawkins, 661 F.2d 436, 451-52 (5th Cir. Unit B Nov. 1981). In this case, the government has granted liberal discovery consisting of investigative reports, reports of laboratory analysis, and other documentary materials relevant to this case, which includes accelerated Jencks Act disclosures and police reports from applicable state, local, and federal agencies. It is also noted that the indictment in the case is specific and supports each of the requisite elements of the charged offenses. Under these circumstances, information essential to the defense is being provided and the need for particulars is nonexistent. In any event, since discovery

material is being made available, a ruling on a bill of particulars would appear to be premature and unnecessary. Discovery should cure any need for additional information to adequately defend the charges. Therefore, Defendant's motion is **DENIED**. (Doc. no. 100).

## MOTIONS FOR LIST OF GOVERNMENT WITNESSES

Defendant filed two motions requesting that the government be ordered to furnish a complete list of witnesses. In non-capital cases such as this case, a defendant is generally not entitled to a list of government witnesses. United States v. Massell, 823 F.2d 1503, 1509 (11th Cir. 1987); United States v. Johnson, 713 F.2d 654, 659 (11th Cir. 1983); United States v. Colson, 662 F.2d 1389, 1391 (11th Cir. 1981). However, as a practical matter, it would appear that Defendant will be receiving much of this information because of the government's liberal discovery policy and because of the government's obligation to disclose material pursuant to the Jencks Act and/or Brady v. Maryland, 373 U.S. 83 (1963). This, in essence, moots Defendant's requests. While this Court retains the right to exercise its discretion in permitting Defendant to have access to a list of government witnesses, at most the government would be required to comply with this request not more than ten (10) days prior to trial. Therefore, these motions are **DENIED**. (Doc. nos. 101, 111).

## MOTIONS FOR DISCLOSURE OF
## EXCULPATORY AND IMPEACHING MATERIAL

Defendant filed two motions seeking the disclosure of exculpatory and impeaching information in accordance with the principles of Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972). (Doc. nos. 102, 104-2). To some extent, Defendant's requests exceed the scope of Brady. Brady material includes information that

is favorable to a defendant and material to the issues of guilt or punishment. Brady, 373 U.S. at 87; United States v. Agurs, 427 U.S. 97 (1976). These motions are **GRANTED** to the extent that the government must provide all Brady material to Defendant within five (5) days of the date it is received or its existence becomes known. With regard to impeaching information, the government must disclose this information seven (7) days prior to trial.

## MOTION TO ALLOW PARTICIPATION IN VOIR DIRE

This motion is **GRANTED** (doc. no. 106), subject to the following terms and conditions:

(a) Unless otherwise directed by the presiding District Judge, counsel must submit to the Court, not later than seven (7) days prior to trial, a list of questions which they desire to ask prospective jurors;

(b) Counsel shall take notes and avoid asking duplicative questions, unless additional clarification from a prospective juror is needed; and

(c) Counsel must address the array in the same order which the Court will later formulate for use at trial during the cross-examination of the government's witnesses.

## MOTION FOR PRE-TRIAL JAMES HEARING

Defendant has moved for a pre-trial hearing to determine the admissibility of out-of-court statements by alleged co-conspirators. (Doc. no. 109). United States v. James, 590 F.2d 575 (5th Cir. 1978) (*en banc*), requires that, before the case is submitted to the jury, the Court must determine whether the prosecution "has shown by a preponderance of the evidence independent of the statement itself (1) that a conspiracy existed, (2) that the co-conspirator and defendant against whom the co-conspirator's statement is offered were

12

members of the conspiracy, and (3) that the statement was made during the course of and in furtherance of the conspiracy." Id. at 582; United States v. Magluta, 418 F.3d 1166, 1177-78 (11th Cir. 2005) (same); see also Fed. R. Evid. 801(d)(2)(E).

A pre-trial determination under James is not required. United States v. Van Hemelryck, 945 F.2d 1493, 1497-98 (11th Cir. 1991); United States v. Dyer, 752 F.2d 591, 595 (11th Cir. 1985). The required finding can be made at the close of the government's case-in-chief. United States v. Sanchez, 722 F.2d 1501, 1507 (11th Cir. 1984). Further, the Court may examine the statements sought to be admitted when making the factual determination. Bourjaily v. United States, 483 U.S. 171, 180-81 (1987); United States v. Miles, 290 F.3d 1341, 1351 (11th Cir. 2002) (*per curiam*).

As the need for a James hearing is lessened in light of Bourjaily, and in the interest of judicial economy, this determination will be made at trial. Therefore, the motion for a pre-trial James hearing is **DENIED**.

## PRELIMINARY MOTION TO SUPPRESS

This motion was filed to preserve Defendant's right to particularize the motion at a later date. (Doc. no. 110). However, a motion may not be filed outside the deadlines set by this Court at arraignment except by leave of Court upon a showing of cause. United States v. Smith, 918 F.2d 1501, 1509 (11th Cir. 1990); see Fed. R. Crim. P. 12(c), (e). Moreover, the motion was filed without the supporting affidavit or evidentiary citations required by Loc. Crim. R. 12.1. On July 27, 2009, the Court issued an order instructing Defendant that if he intended to particularize his motion in accordance with Loc. Crim. R. 12.1, he must do so within ten calendar (10) days. (See doc. no. 124). Defendant failed to file a particularized

13

motion. Therefore, this motion is a **NULLITY**. Should Defendant desire to file a particularized motion at a time subsequent to this Order, he must adequately explain his failure to timely file the same.

SO ORDERED this 1st day of September, 2009, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE